# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**THOMAS E. LEE,**                                                                                 **PETITIONER**

**v.**                          **No. 2:05CV43-P-B**

**WARDEN L. GREER, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Thomas E. Lee for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

On June 30, 1972, the Circuit Court of DeSoto County, Mississippi, entered judgment against the petitioner pursuant to a guilty plea for murder; the court sentenced the petitioner to life in the custody of the Mississippi Department of Corrections. There is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner states that he filed a Petition For Writ of Habeas Corpus in the circuit court sometime in 1974. The court overruled the petition on November 26, 1974. Personnel with the circuit clerk's office, however, cannot locate the actual petition, nor can they determine the exact date the petition was filed. The petition was filed long before the limitation period began to run; therefore, tolling would not be applicable. The petitioner filed a "Motion To Proceed Out Of Time" with the Mississippi Supreme Court on February 6, 2004. The Mississippi Supreme Court denied the motion May 21, 2004. The

petitioner filed the instant federal petition for a writ of *habeas corpus* February 9, 2005.

## Discussion

The petitioner's conviction became final on July 30, 1972, thirty days after he was sentenced on his guilty plea. *Acker v. State*, 797 So.2d 966 (Miss. 2001). The Antiterrorism and Effective Death Penalty Act one-year time limit does not begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). Thus, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the one-year period of limitation. Accordingly, for the purposes of this calculation, the petitioner's conviction was final as on April 24, 1996. The deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was April 24, 1997. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The petitioner did not meet the deadline as his state application was filed February 6, 2004 – 2,475 days after that deadline expired. The petitioner thus did not enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on January 28, 2005, and the date it was received and stamped as "filed" in the district court on February 9, 2005. Therefore, using the earlier signature date, the instant petition was filed 2,836 days after the April 14, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable

tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE